# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Federal National Mortgage Association,<br><br>    Plaintiff<br><br>v.<br><br>Warm Springs Reserve Owners Association, et al.,<br><br>    Defendants<br><br>ALL RELATED CLAIMS AND PARTIES | Case No.: 2:16-cv-02829-JAD-BNW<br><br>**Order Granting Motion<br>for Summary Judgment on Federal<br>Foreclosure Bar Claims and<br>Closing Case; Final Judgment**<br><br>[ECF Nos. 42, 43] |

    Nevada law holds that a properly conducted nonjudicial foreclosure sale by a homeowners' association to enforce a superpriority lien extinguishes a first deed of trust. But when that deed of trust belongs to government-sponsored enterprise Federal National Mortgage Association (better known as "Fannie Mae"), and the foreclosure sale occurs while Fannie Mae is under the conservatorship of the Federal Housing Finance Agency (FHFA) and without that agency's consent, federal law shields that security interest from extinguishment. That shield is known as the Federal Foreclosure Bar.

    Fannie Mae brings this action to determine the effect of a 2012 nonjudicial foreclosure sale on the deed of trust securing the mortgage on a home.[1] Because Fannie Mae has shown that the Federal Foreclosure Bar prevented that sale from extinguishing the deed of trust, I grant summary judgment in its favor and close this case.

---

[1] This is but one of hundreds of similar cases between lenders and HOA-foreclosure-sale purchasers that have inundated this district for the last five years.

**Background**

Fannie Mae, which has been under the conservatorship of the FHFA since 2008,[2] purchased the mortgage on the home located at 346 Pinnacle Court in Henderson, Nevada, in 2002, along with the deed of trust that secures it.[3] The deed of trust has been assigned to various nominees acting as Fannie Mae's loan-servicing agents.[4] The home is located in the Warm Springs Reserve common-interest community and subject to its homeowners' association's covenants, conditions, and restrictions (CC&Rs), which require the owners of property within this planned development to pay assessments.[5]

The Nevada Legislature gave homeowners associations (HOAs) a superpriorty lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a nonjudicial foreclosure procedure for HOAs to enforce that lien.[6] When the owner of this Pinnacle Court home fell behind on his assessments, the Warm Springs Reserve Owners Association ("the HOA"), through its foreclosure agent Alessi & Koenig, sold the property at a nonjudicial foreclosure sale on July 18, 2012, to the Ferrell Street Trust.[7] That sale recorded on August 3, 2012.[8]

---

[2] I take judicial notice of this well-known fact, which no party disputes.

[3] ECF No. 43-1 at ¶ 4.

[4] *Id*. at ¶¶ 7–9; *see also* ECF Nos. 43-4, 43-5, 43-6.

[5] ECF No. 43-3 at 13–15 (planned-unit-development rider).

[6] Nev. Rev. Stat. § 116.3116; *SFR Invs. Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 409 (Nev. 2014).

[7] ECF No. 43-10 (foreclosure deed); ECF No. 43-8 (Notice of Default and Election to Sell); ECF No. 43-9 (Notice of Trustee's Sale). I take judicial notice of all recorded documents in the record.

[8] ECF No. 43-10.

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS § 116.3116(2) gives an HOA "a true superiority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[9] But the Federal Foreclosure Bar in 12 U.S.C. § 4617(j)(3) creates an exception to that rule.[10] This safeguard is contained in the Housing and Economic Recovery Act ("HERA", codified at 12 U.S.C. § 4511 et seq.), which went into effect in 2008.[11] HERA established the FHFA and placed Fannie Mae under that agency's conservatorship.[12] Under HERA's Federal Foreclosure Bar, when Fannie Mae is the beneficiary of the deed of trust at the time of the foreclosure sale and Fannie Mae is under the conservatorship of the FHFA, the deed of trust is not extinguished and instead survives the sale unless the agency affirmatively relinquished that interest.[13]

Fannie Mae filed this action against the HOA, its foreclosure agent Alessi & Koenig,[14] and foreclosure-sale purchaser the Ferrell Street Trust on December 7, 2016—about four years and four months after the foreclosure sale recorded.[15] Fannie Mae pleads quiet-title claims under

---

[9] *SFR I*, 334 P.3d at 419.

[10] *See Berezovsky v. Moniz*, 869 F.3d 923, 927 n.1 (9th Cir. 2017).

[11] *Berezovsky*, 869 F.3d at 925.

[12] *Id*.

[13] *Id.* at 933; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018) ("Because Fannie Mae was under the FHFA's conservatorship at the time of the homeowners' association foreclosure sale, the Federal Foreclosure Bar protected the deed of trust from extinguishment.").

[14] The record reflects that Alessi & Koenig is in bankruptcy proceedings. *See* ECF No. 14. It has not participated in the motions at issue in this order.

[15] ECF No. 1 (complaint).

three theories,[16] asserting that the Federal Foreclosure Bar or the tender of the full superpriority portion of the HOA's lien by Fannie Mae's loan servicer prevented the foreclosure sale from extinguishing the deed of trust and, alternatively, that Nevada's HOA lien-foreclosure scheme was unconstitutional as the Ninth Circuit held in *Bourne Valley Court Trust v. Wells Fargo*.[17] Fannie Mae also pleads alternative claims for breach of NRS § 116.1113 and wrongful foreclosure that are conditioned on the failure of its quiet-title claims,[18] and a claim for injunctive relief during the pendency of this case.[19] Purchaser Ferrell Street Trust counterclaims for a determination that it bought the property free and clear of the deed of trust.[20] I find that these competing quiet-title claims are all the type recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—actions "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[21] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[22]

---

[16] Fannie Mae spreads each theory across two claims, captioned "declaratory relief" and "quiet title." I find that these claims are duplicative and that plaintiff has really just pled quiet title claims seeking declaratory relief as the remedy.

[17] *Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154 (9th Cir. 2016); ECF No. 1 at ¶¶ 76, 87.

[18] ECF No. 1 at 16–18 (sixth and seventh causes of action).

[19] *See id.* at 18–19 (eighth cause of action).

[20] ECF No. 41. Though the Trust spreads its theory across two untitled sections of its pleading, entitled "Counterclaim" and "Second Claim for Relief," both sections appear to assert the same quiet-title claim and seek the materially same relief. *See id.* at 6–7.

[21] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–11 (Nev. 2016).

[22] *Id.* at 1112.

Discovery has closed[23] and Fannie Mae moves for summary judgment, arguing that the Federal Foreclosure Bar and its loan servicer's pre-foreclosure tender of the full superpriority portion of the HOA's lien saved its deed of trust on this property from extinguishment.[24] The HOA and the Trust oppose that motion[25] and countermove for summary judgment in their favor, arguing that plaintiff's claims are time-barred by the applicable statutes of limitation.[26] Because I find that Fannie Mae is entitled to summary judgment on its quiet-title claims under a Federal Foreclosure Bar theory and that HERA's six-year extender statute saves those claims from being time barred, I enter judgment in Fannie Mae's favor on that theory, declare that the foreclosure sale did not extinguish the deed of trust, dismiss all remaining claims as moot, and deny the HOA and the Trust's summary-judgment motion.

**Discussion**

**A.     Fannie Mae's quiet-title claims are timely.**

The Trust and the HOA urge me to grant summary judgment in their favor and disregard Fannie Mae's own summary-judgment arguments because Fannie Mae's claims are time-barred. The Trust argues that Fannie Mae's claims are subject to the three-year statute of limitations in HERA for tort claims or, at best, the four-year state deadline found in NRS § 11.220, and because Fannie Mae filed this action more than four years after the foreclosure sale, its claims must be dismissed.[27] Fannie Mae agrees that its quiet-title claims get the benefit of HERA's

---

[23] ECF No. 32 (scheduling order with discovery cut-off of 4/17/19).

[24] ECF No. 43 (Fannie Mae).

[25] ECF Nos. 46 (HOA), 48 (Trust).

[26] *See* ECF No. 42 (Trust's MSJ), in which the HOA joins without substantive argument, ECF No. 47.

[27] ECF Nos. 42, 46.

5

federal statutory periods, but contends that it's HERA's six-year deadline for contract claims, not its three-year bar for torts, that applies here.[28]

Section 4617(b)(12) of HERA, entitled "Statute of limitations for actions brought by conservator or receiver," provides "the applicable statute of limitations with regard to any action brought by the Agency as conservator or receiver" but identifies only two categories of claims: contract and tort.[29] The limitations period for "any contract claim" is the longer of six years or "the period applicable under State law"; and for "any tort claim," the deadline is the longer of three years or any applicable state-law period.[30] It would appear at first blush that HERA's limitations periods could not apply here because these claims are neither tort nor contract claims—they're equitable quiet-title claims. But courts interpreting HERA have held that § 4617(b)(12) applies to **any** claim brought by the FHFA as conservator "and supplants any other time limitations that otherwise might have applied."[31] So, as I explained in *FHFA v. LN Management LLC, Series 2937 Barboursville ("Barboursville I")*, courts must perform "the square-peg-in-round-hole task of sorting [] equitable quiet-title claims into the contract or tort bucket" when HERA's limitations periods apply.[32] I held in *Barboursville I* that quiet-title claims based on the Federal Foreclosure Bar sort into the contract bucket, and I apply that same

---

[28] ECF Nos. 43, 45.

[29] 12 U.S.C. § 4617(b)(12)(A).

[30] *Id.*

[31] *See Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville ("Barboursville I")*, 369 F. Supp. 3d 1101, 1108–09 (D. Nev. March 11, 2019) (the non-vacated analysis from which I incorporate herein), *vacated in part on reconsideration in Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville ("Barboursville II")*, 2019 WL 6828293 at *2–3 (D. Nev. Dec. 13, 2019).

[32] *Id.*

6

reasoning and conclusion to Fannie Mae's materially identical claims here.[33] And HERA's six-year extender statute applies to such quiet-title claims whether brought by the FHFA or Fannie Mae.[34] So, under HERA, "the applicable statute of limitations" for Fannie Mae's quiet-title claims is "the longer of" six years from claim accrual or "the period under State law."[35] Because that state-law period would be four years,[36] I must apply HERA's longer six-year deadline to Fannie Mae's claims, making them timely. I thus deny the Trust and the HOA's motion for summary judgment based on the purported untimeliness of these claims, and I turn to the question of whether Fannie Mae has demonstrated that it is entitled to summary judgment based on the Federal Foreclosure Bar.

**B.  Fannie Mae is entitled to summary judgment because the Federal Foreclosure Bar saved the deed of trust from extinguishment.**

In *Berezovsky v. Moniz*, the Ninth Circuit held that "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision,"[37] preventing a non-judicial foreclosure sale under NRS Chapter 116 from extinguishing a Freddie Mac deed of trust without the FHFA's consent while that government enterprise is under the FHFA's conservatorship. Numerous Ninth Circuit panels have since applied *Berezovsky* to find that the Federal Foreclosure Bar similarly

---

[33] *See Barboursville I*, 369 F. Supp. 3d at 1108–09.

[34] *See Ditech Fin. LLC v. Talasera & Vicanto Homeowners' Ass'n*, 2019 WL 6828287 at *2 (D. Nev. Dec. 13, 2019) ("HERA's federal six-year limitation period applies to actions contesting the HOA-foreclosure-sale extinguishment of an enterprise-owned deed of trust regardless of whether the action is brought by the Agency, the government-sponsored enterprise, or the authorized loan servicer."), the reasoning from which I incorporate herein.

[35] 12 U.S.C. § 4617(b)(12)(A)(i).

[36] *See Barboursville I*, 369 F. Supp. 3d at 1108–09, the non-vacated portion of which I incorporate herein.

[37] *Berezovsky*, 869 F.3d at 931.

saved Fannie Mae deeds of trust from extinguishment during HOA foreclosure sales.[38] So the question here is whether Fannie Mae has shown that its interest in this property was protected from the legal effect of NRS § 116.3116 by the Federal Foreclosure Bar.

### 1.    *The record establishes that Fannie Mae owned the deed of trust at the time of the foreclosure sale.*

There is no dispute that Fannie Mae was under the FHFA's conservatorship at the time of the 2012 foreclosure sale. However, the Trust does dispute whether plaintiffs have established that the deed of trust belonged to Fannie Mae at that time such that it became the property of the FHFA protected by the Federal Foreclosure Bar. The Trust argues that Nevada's statute of frauds prevents Fannie Mae from claiming any interest in this property without a written instrument. It notes that "the recorded, written documents in this case do not show Fannie Mae as the beneficiary of the loan[] at the time of the July 25, 2012[,] foreclosure sale,"[39] and it argues that those documents create the "conclusive presumption" that the deed of trust was not Fannie Mae's property.[40]

The Trust overstates the application of this statutory presumption. It applies only in a dispute "as between the parties" to a written document.[41] Because the Trust is not a party to the deed of trust or any assignment of that interest, it cannot invoke this presumption. Nor can the Trust invoke the statute of frauds to preclude Fannie Mae from enforcing the deed of trust. "The

---

[38] *See, e.g., Nationstar Mortg. LLC v. Airmotive Investments, LLC*, 787 F. App'x 446, 447 (9th Cir. Dec. 13, 2019) (unpublished); *Ditech Fin., LLC v. SFR Investments Pool 1, LLC*, 2019 WL 6242262 at *2 (9th Cir. Nov. 21, 2019) (unpublished); *Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658 (9th Cir. 2017) (unpublished).

[39] ECF No. 48 at 14–21.

[40] *Id*.

[41] *Flangas v. State*, 760 P.2d 112, 113 (Nev. 1988).

defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest."[42] The Ferrell Street Trust, "as a stranger to" the transfer of the loan and deed of trust, "is without standing" to invoke that defense.[43]

Even without Fannie Mae as the beneficiary of record, the record establishes without genuine dispute that the deed of trust belonged to Fannie Mae at the time of this foreclosure sale. Fannie Mae offers the declaration of its Assistant Vice President Graham Babin and corroborating documents to show that Fannie Mae was the security instrument's owner. That declaration establishes that Fannie Mae "acquired ownership" of the loan and the deed of trust for this property in August 2002 and has continued to own the loan and deed of trust ever since.[44] It explains that, at the time of the foreclosure sale, beneficiary-of-record Bank of America was merely servicing the loan under the terms of Fannie Mae's Single-Family Servicer Guide, "which serves as a central document governing the contractual relationship between Fannie Mae and its loan servicers nationwide, including Bank of America."[45] The corroborating documents include printouts of computer records,[46] which Babin explains in detail, along with relevant portions of Fannie Mae's publicly available Servicer Guide.[47]

I find that Babin's declaration sufficiently establishes his familiarity with Fannie Mae's recordkeeping system and the authenticity of the printouts and Guide to lay the foundation required by Federal Rule of Evidence 902(11). And it establishes—with no materially

---

[42] *Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963).
[43] *Id*.
[44] ECF No. 43-1 at ¶¶ 4, 7.
[45] *Id*. at ¶¶ 9–10.
[46] *Id.* at 6–20.
[47] *Id*. at 21–55; ECF No. 43-2.

contradictory evidence from the defendants—that the security interest on this property belonged to Fannie Mae at the time of the 2012 foreclosure sale, as it does today. The ballooning body of Federal Foreclosure Bar caselaw in this circuit supports this conclusion. The Nevada Supreme Court found a similar record sufficient to support summary judgment in favor of Freddie Mac based on the Federal Foreclosure Bar last year in *Daisy Trust v. Wells Fargo Bank, N.A.*[48] And the Ninth Circuit reached the same conclusion on near-identical records in *Berezovsky* and in *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC*.[49]

It was not necessary, as the Trust argues, for the loan servicer to have been acting with a power of attorney.[50] The Trust claims that Fannie Mae's Guide requires a power of attorney before the loan servicer can "execute documents on behalf of Fannie Mae."[51] But Guide Section A2-1-03, which the Trust relies on, does not limit the servicer's abilities to those done with a power of attorney, and NRS § 162A.480(2), which the Trust further cites, requires a power of attorney be recorded only for the conveyance of real property.[52] Because Fannie Mae is not

---

[48] *Daisy Trust v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 850–51 (Nev. 2019).

[49] *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1150 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019) ("The district court based its finding that an Enterprise had an interest in each Property on the fact that, in each case, a servicer acquired a beneficial interest in the respective Property's deed of trust, and serviced the respective mortgage loan on behalf of one of the Enterprises. Each acquisition of a Property's deed of trust by a servicer occurred on a date prior to the respective HOA foreclosure sale. The district court thus found that FHFA, which succeeded to the Enterprises' assets per HERA, held an interest in the Properties prior to the sales. Accordingly, the named beneficiary under the recorded deed of trust in each case is someone other than the note owner, one of the Enterprises.").

[50] ECF No. 48 at 21.

[51] *Id.*

[52] Nev. Rev. Stat. § 162A.480(2) ("Every power of attorney, or other instrument in writing, containing the power to convey any real property as agent or attorney for the owner thereof, or to execute, as agent or attorney for another, any conveyance whereby any real property is conveyed, or may be affected, must be recorded as other conveyances whereby real property is conveyed or affected are required to be recorded.").

using Bank of America as its agent to convey any real property, the absence of a power of attorney is irrelevant.

### 2. *Fannie Mae's failure to record its interest is inconsequential here.*

The Trust's additional argument that, to assert the Federal Foreclosure Bar against it, the deed of trust had to have been recorded in Fannie Mae's name was also expressly rejected in *Daisy Trust*. Like the Trust, the foreclosure-sale purchaser in *Daisy Trust* argued "that Nevada's recording statutes required Freddie Mac to record its interest in the loan."[53] But the Nevada Supreme Court disagreed. It reasoned that, although the recording statutes currently require deed-of-trust assignments to be recorded, the version in effect in 2007 when Freddie Mac acquired the Daisy Trust property one was permissive, not mandatory, as it stated only that such an assignment "may be recorded."[54] Thus, the Court held, "Nevada's recording statutes did not require Freddie Mac to publicly record its ownership interest as a prerequisite for establishing that interest."[55]

NRS § 106.210 did not require public recording of deeds of trust until 2011.[56] So, when Fannie Mae acquired its interest in this Pinnacle Court property in 2002, Nevada's recording statutes did not require Fannie Mae to record that interest. And although the Trust cites to the Nevada Supreme Court's decision in *In re Montierth*[57] to argue that Nevada law "requires

---

[53] *Daisy Trust*, 445 P.3d at 849.

[54] *Id*.

[55] *Id.*

[56] *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 254 n.5 (Nev. 2012) ("Prior to 2011, Nevada law provided that any assignment of the beneficial interest under a deed of trust 'may' be recorded. Assembly Bill 284 amended this statute to now require that 'any assignment of the beneficial interest under a deed of trust *must* be recorded.'").

[57] *In re Montierth*, 354 P.3d 648 (Nev. 2015).

11

recording of an interest to be notice to third parties,"[58] that case fails to support its proposition. As the en banc Court confirmed in *Daisy Trust*, "consistent with . . . *Montierth*, the deed of trust did not [even] have to be 'assigned' or 'conveyed' to Freddie Mac in order for Freddie Mac to own the secured loan . . . ."[59] The lender's loan servicer "can serve as the record deed of trust beneficiary on behalf of a lender and a lender's successors such as . . . Freddie Mac in this case," as long as that record servicer "was at all times in an agency relationship with the note holder . . . ."[60] And here, the record shows without genuine dispute that named beneficiary Bank of America was in such a relationship with noteholder Fannie Mae. Because Nevada law recognizes that it is an acceptable practice for a loan servicer to serve as the beneficiary of record for the actual deed-of-trust beneficiary, Fannie Mae's interest in the deed of trust is not rendered unenforceable by the fact that its name did not appear in the official record.[61]

### 3. *There is no evidence that the FHFA consented to extinguish the deed of trust.*

There is also no legitimate dispute that the FHFA did not consent to wiping out Fannie Mae's deed of trust through this foreclosure. The FHFA issued a statement dated April 21, 2015, "confirm[ing] that it has not consented, and will not consent in the future, to the foreclosure or other extinguishment of any Fannie Mae or Freddie Mac lien or other property interest in

---

[58] ECF No. 87 at 13.

[59] *Daisy Trust* at 849 (citing *Montierth*, 354 P.3d at 650–51, and *Edelstein*, 286 P.3d at 259–60).

[60] *Id.*

[61] *See also Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d at 1150 ("HERA does not require the Enterprises to have recorded their ownership of the liens in local recording documents for FHFA to have succeeded to those valid interests upon inception of conservatorship."). Fannie Mae has been the beneficiary of record since 7/22/15. *See* ECF No. 43-6.

connection with HOA foreclosures of super-priority liens."[62] The defendants offer no evidence to suggest that the agency did consent. Instead, the Trust argues that I "should imply FHFA's consent to the" foreclosure because its failure to record its ownership of the deed of trust "prevented" the Trust "from knowing that Fannie Mae's consent was required."[63] But Fannie Mae and the Agency need not take any action to ensure that the Federal Foreclosure Bar preserves a Fannie Mae deed of trust. As the Ninth Circuit stated in *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC*, "the bar on foreclosure sales lacking [the] FHFA's consents applies by default."[64] Based on this feature of the Federal Foreclosure Bar, the Nevada Supreme Court has expressly rejected the notion that inaction can be construed as consent.[65] I decline the Trust's invitation to hold otherwise.

The remainder of the Trust's arguments against the application of the Federal Foreclosure Bar require me to ignore or misconstrue the holding of *Berezovsky*, which I decline to do. I conclude that *Berezovsky* provides the applicable legal principles for Fannie Mae's Federal Foreclosure Bar theory, that I am bound by those principles, and that Fannie Mae has shown through evidence not subject to genuine dispute that it is entitled to summary judgment on its quiet-title claims based on this theory. So, I grant summary judgment in favor of Fannie Mae on its Federal Foreclosure Bar claims and on the Trust's counterclaim and declare that 12 U.S.C. § 4617(j)(3) prevented the 2012 foreclosure sale from extinguishing Fannie Mae's deed of trust.

---

[62] ECF No. 43-11; https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx, last visited 1/2/20.

[63] ECF No. 48 at 23–24.

[64] *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d at 1149.

[65] *See, e.g.*, *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018).

**C.     All remaining claims are dismissed as moot.**

Because I am granting complete quiet-title relief based on Fannie Mae's Federal Foreclosure Bar theory, I need not and do not reach the merits of, or arguments challenging, any of Fannie Mae's other quiet-title theories. And because Fannie Mae's remaining claims as pled either are contingent upon a determination that the sale extinguished the deed of trust[66] or seek a pre-judgment remedy,[67] I dismiss all remaining claims as moot.

**Conclusion**

IT IS THEREFORE ORDERED that Ferrell Street Trust's Motion for Summary Judgment Based on Statute of Limitations **[ECF No. 42] is DENIED**;

IT IS FURTHER ORDERED that the Federal National Mortgage Association's Motion for Partial Summary Judgment **[ECF No. 43] is GRANTED. Summary judgment is entered in favor of the plaintiff on its quiet-title claims based on the Federal Foreclosure Bar and on the Trust's counterclaims.** Because 12 U.S.C. § 4617(j)(3) prevented the extinguishment of the deed of trust during the 2012 HOA foreclosure sale, plaintiff is entitled to a declaration that the Ferrell Street Trust took the property subject to that interest. **All remaining claims are DISMISSED as moot.**

And with good cause appearing and no reason to delay, IT IS FURTHER ORDERED that **FINAL JUDGMENT is hereby entered in favor of the Plaintiff Federal National**

---

[66] *See* ECF No. 1 at ¶ 111 (breach of NRS § 116.1113 claim), ¶ 119 (wrongful foreclosure claim).

[67] *Id*. at ¶ 126 (seeking an injunction "during the pendency of this action"). Moreover, injunctive relief is just a remedy, not an independent cause of action that requires resolution absent a companion motion for injunctive relief.

Mortgage Association, **DECLARING that:**

> **the deed of trust for the property located at 346 Pinnacle Court in Henderson, Nevada, recorded as Instrument # 00525 in Book 20020730 of the real property records for Clark County, Nevada, on 7/30/02, was not extinguished by the 7/18/12 foreclosure sale, so foreclosure-sale purchaser Ferrell Street Trust took the property subject to the deed of trust,**

and the Clerk of Court is directed to **CLOSE THIS CASE.**

Dated: January 3, 2020

_____
U.S. District Judge Jennifer A. Dorsey